

**U.S. Department of Justice**

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 11, 2017

James B. Krasnoo, Esq.
Krasnoo, Klehm & Faulkner LLP
28 Andover Street, Suite 240
Andover, MA 01810

Re:     United States v. Brian Segura
        Criminal No. 16cr10165-MLW

Dear Mr. Krasnoo:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Brian Segura ("Defendant"), agree as follows with respect to the above-referenced case:

1.      Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all the counts in which he is named in the above-referenced Indictment: conspiracy to engage in the business of dealing in firearms, in violation of 18 U.S.C. §371 (Count 1); and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §922(k) (Count 8). Defendant expressly and unequivocally admits that he committed the crimes charged in the above-referenced Counts of the Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

2.      Penalties

Defendant faces the following maximum penalties on each of the two counts of the Indictment: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration

rev. 1/17/17

EXHIBIT
1
16CR 10165
B. SEGURA

status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.      Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The U.S. Attorney will take the position that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG § 2K2.1(a)(7), Defendant's base offense level is 12;

- in accordance with USSG §2K2.1(b)(4)(B), Defendant's offense level is increased by 4 levels, because a firearm had an obliterated serial number; and

- in accordance with USSG § 2K2.1(b)(5), Defendant's offense level is increased by 4 levels, because Defendant engaged in the trafficking of firearms.

The U.S. Attorney reserves the right to seek an upward departure pursuant to USSG § 4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's indictment in this case.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

2

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)     Fails to provide truthful information about Defendant's financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Plea Agreement; or

(j)     Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

3

4.      Sentence Recommendation

The United States Attorney agrees to recommend the following sentence before the Court:

  (a)      incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

  (b)      a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

  (c)      36 months of supervised release; and

  (d)      a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so).

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.      Waiver of Rights to Appeal and to Bring Future Challenge

  (a)      Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

  (b)      Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

  (c)      Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 30 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

  (d)      The U.S. Attorney likewise agrees that, regardless of the analysis employed

4

by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 24 months or more.

(e)     Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

**6.     Other Post-Sentence Events**

(a)     If, despite the waiver provision of sub-paragraph 5(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 5(c)).

(b)     If, despite the waiver provision of sub-paragraph 5(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c)     In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

**7.     Court Not Bound by Plea Agreement**

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

8.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.    Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

10.    Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

11.    Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12.    Who Is Bound By Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.     Complete Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Michael Crowley or Emily Cannon.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By:    _____
PETER K. LEVITT
Chief, Organized Crime and Gang Unit
TIMOTHY E. MORAN
Deputy Chief, OCGU

_____
MICHAEL CROWLEY
EMILY CANNON
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

BRIAN SEGURA
Defendant

Date: 6/19/17

I certify that BRIAN SEGURA has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

JAMES KRASNOO
Attorney for Defendant

Date: 6/19/17